IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEFF A. AFRISIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1154-CV-W-RED |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jeff A. Afrisio ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for child's disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and the denial of his request for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is

Case 4:04-cv-01154-RED   Document 12   Filed 03/29/06   Page 2 of 8

comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ erred in three distinct ways. First, Plaintiff alleges that the ALJ's credibility finding is not supported by substantial evidence on the record as a whole. Second, that the ALJ erred by failing to give sufficient weight to the opinion of Plaintiff's treating psychiatrist. Third, that the ALJ erred by failing to obtain vocational expert testimony.

*A. The ALJ's Credibility Finding*

Plaintiff first alleges that the ALJ's credibility finding is not supported by substantial evidence on the record as a whole. The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When an ALJ assesses

a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.

Here, the record shows that the ALJ found that "[a]though the claimant has underlying medically determinable impairments that could reasonably cause the pain or other symptoms

alleged, the evidence does not show that his symptoms were fully credible, and he is not precluded from engaging in substantial gainful activity." (Tr. 16) The ALJ first noted that Plaintiff suffered from attention deficit/hyperactivity disorder–inattentive type ("AD/HD"); depressive disorder, not otherwise specified ("NOS"); and episodic cannabis use. However, the ALJ found that despite these impairments, Plaintiff receives no ongoing medical treatment, and that when he did receive treatment, he was noncompliant. Such findings weigh against Plaintiff's credibility. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

The ALJ also noted that although Plaintiff alleged to have poor concentration and attention, his psychiatrist's notes show that he is able to stay up until 1:00 or 2:00 a.m. playing video games and watching television. Plaintiff's credibility was further diminished by the lack of evidence in the record showing that Plaintiff was fired from previous jobs. For instance, although Plaintiff stated that he quit a previous job at a grocery store because there were "too many people," the ALJ found that this statement did not correlate with Plaintiff's acknowledgment that he attended concerts. The ALJ also found that Dr. Mizra's (Plaintiff's treating psychiatrist) referral to vocational rehabilitation to be a "clear indication as to his [Dr. Mizra's] belief that the claimant is capable of working." The ALJ then noted that Plaintiff's vocational rehabilitation ended because Plaintiff refused to "go and work on a dock pond cleaning the stools." Finally, the ALJ noted that Plaintiff testified at his hearing that he looked for jobs, which the ALJ took as an indication of Plaintiff's belief that he is capable of working. *See Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995) (a plaintiff's statement that he is seeking work is inconsistent with a finding of disability and indicates that he did not view his impairments as disabling).

Having carefully reviewed the record, the Court finds that the ALJ properly discounted

-5-

Case 4:04-cv-01154-RED   Document 12   Filed 03/29/06   Page 5 of 8

Plaintiff's subjective complaints in this case. The ALJ clearly cited specific inconsistencies between Plaintiff's testimony in the record and his subjective complaints, and these inconsistencies are supported by substantial evidence on the record as a whole.

*B. Dr. Mizra's Opinion*

Plaintiff next contends that the ALJ failed to give substantial weight to opinion of Plaintiff's treating psychiatrist, Dr. Mizra. Plaintiff primarily directs the Court's attention to a "Medical Assessment of Ability to Do Work-Related Activities (Mental)" report completed by Dr. Mizra on April 21, 2004,[2] in which Dr. Mizra rated most of Plaintiff's abilities for making occupational, performance and personal adjustments as "poor" or "fair." However, the record shows that the ALJ considered this report and noted that Dr. Mizra failed to mention in the report that Plaintiff was noncompliant with treatment. The ALJ further found that although the report stated that Plaintiff had poor concentration and attention, this finding was contradicted by Dr. Mizra's treatment notes documenting Plaintiff's ability to attend and concentrate until 1:00 or 2:00 a.m. playing video games and watching television. Finally, the ALJ noted that Dr. Mizra appeared to rely "quite heavily" on Plaintiff's subjective reports of symptoms and limitations, which is inconsistent with other substantial evidence in the case record.

When a doctor's opinion is itself inconsistent, the ALJ is entitled to give little weight to the opinion. *See Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996). Furthermore, an ALJ may discredit a doctor's opinion when it is solely based on claimant's subjective complaints and not supported by other findings. *See Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993). Here, the Court finds that the ALJ properly noted inconsistencies between Dr. Mizra's report and his treatment

---

[2] The ALJ's decision incorrectly lists the date of this report as April 21, 1994. (Tr. 13)

record, and that the report was based largely on Plaintiff's subjective complaints. Since these findings are supported by substantial evidence in the record as a whole, the ALJ properly discounted the opinion of Dr. Mizra and Plaintiff is not entitled to relief on this point.

*C. Vocational Expert Testimony*

Plaintiff last contends that the ALJ erred in relying on the Medical-Vocational Guidelines or "grids" in reaching his conclusion that Plaintiff was not disabled. Plaintiff argues that the ALJ should have instead obtained vocational expert testimony to assess the impact of Plaintiff's nonexertional impairments on his ability to work. Here, the ALJ properly acknowledged that burden was on the Commissioner of Social Security to show that there are jobs existing in significant numbers in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience. *See Baker v. Apfel,* 159 f.3d 1140, 1144 (8th Cir. 1998). Next, the ALJ, relying on the grids, specifically found that Plaintiff's "nonexertional limitations did not significant[ly] compromise his ability to perform work at all exertional levels, and section 204.00, Appendix 2, Subpart P, Regulation[] No. 4 indicates that a finding of not disabled would be appropriate." (Tr. 17) Although vocational expert testimony may have been helpful to the ALJ's assessment of Plaintiff's ability to work, it is not required in this case. *See Lucy v.* Chater, 113 F.3d 905, 908 (8th Cir. 1997) (finding that an ALJ may rely on the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the guidelines); *Hutsell v. Sullivan,* 892 F.2d 747, 750 (8th Cir. 1989)(finding that when a claimant's subjective complaints are explicitly discredited for legally sufficient reasons articulated by the ALJ, the Secretary's burden

may be met by use of the grid.); *Bolton v. Bowen,* 814 F.2d 536, 538 (8th Cir.1987) (per curiam) (use of grid appropriate if ALJ explicitly discredits subjective allegations of pain based on inconsistencies in the record). As previously discussed, the Court found that the ALJ committed no error in discrediting Plaintiff's subjective complaints based on inconsistencies in the record as a whole. The ALJ's residual functional capacity determination is also supported by substantial evidence. Accordingly, the ALJ could rely on the grids in determining that Plaintiff was not disabled and vocational expert testimony was not required.

### III. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:    March 29, 2006          */s/ Richard E. Dorr*
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT